USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-2-22

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
UNITED STATES OF AMERICA,           :
                                    :
                                    :   No. 01 Cr. 302 (JFK)
     -against-                      :   No. 10 Civ. 5131 (JFK)
                                    :
                                    :   **OPINION & ORDER**
                                    :
EDDY SEVERINO,                      :
                                    :
               Defendant.           :
------------------------------------X

APPEARANCES

FOR DEFENDANT EDDY SEVERINO
    Pro Se

FOR THE UNITED STATES OF AMERICA:
    Daniel Adam Bruan
    U.S. ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK

**JOHN F. KEENAN, United States District Judge:**

Before the Court is pro se Defendant-Petitioner Eddy Severino's ("Severino") motion for reconsideration ("Motion") of the Court's October 12, 2018, Opinion and Order ("October 12 Opinion) denying his second motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255(a). For the reasons set forth below, the Motion is DENIED.

**I. Background**

The Court assumes familiarity with the facts and procedural history of this case, which are set out in greater detail in the October 12 Opinion. See Severino v. United States, No. 01 Cr. 302 (JFK), 2018 WL 4941780, at *1 (S.D.N.Y. Oct. 12, 2018). As relevant here, on June 11, 2002, Severino pled guilty to one

count of conspiracy to distribute and possess with intent to distribute heroin, in violation of U.S.C. § 846, and one count of distribution and possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 812, 814(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2. On December 8, 2003 defendant was sentenced to 360 months in prison. At Severino's sentencing, then District Judge Barbara S. Jones determined that under the United States Sentencing Guidelines ("U.S.S.G.") applicable at the time, Severino's total offense level was 41.[1] Judge Jones's conclusion was based, in part, on her application of a two-level enhancement under § 2D1.(b)(1), which applies if the sentencing court finds that the defendant possessed a "dangerous weapon (including a firearm)" in connection with a drug trafficking offense.[2] Severino appealed his sentence, challenging Judge Jones's finding that § 2D1.1(b)(1) applied to his case. See United States v. Severino, 114 F. App'x 428, 429 (2d Cir.2004) (summary order). By summary order, the Second Circuit rejected Severino's claim, concluding that Judge Jones's various factual findings, including those related to the firearm enhancement, were "supported by the record and [were] not clearly erroneous." Id.

---

[1] This case was reassigned from Judge Jones to this Court on May 27, 2015. (See Notice of Case Reassignment, dated May 27, 2015.)
[2] At the time of Severino's sentencing, the 2003 Guidelines were in effect.

2

On July 6, 2010, Severino filed his first motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In the motion, Severino argued that (1) he received ineffective assistance of counsel, (2) his sentence violated his Fifth Amendment due process rights because he did not allocute to the statutorily prescribed drug quantity, and (3) the court lacked authority to impose sentencing enhancements without a grand jury indictment or fact finding by a jury. By Opinion and Order dated August 15, 2011, Judge Jones denied Severino's motion in its entirety. See Severino v. United States, No. 10 Civ. 5131 (BSJ), 2011 WL 13176239, at *6 (S.D.N.Y. Aug. 15, 2011).

On August 3, 2015, Severino filed a motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 782 to the Guidelines, which reduced offense levels for certain controlled substance offenses by two levels. (ECF No. 171.) This Court granted the motion and found that Severino's amended Guidelines range was 262 to 327 months' imprisonment. The Court then issued an Order reducing Severino's term of imprisonment to 300 months. (ECF No. 174.) In the Order, the Court noted that a reduction to the bottom of the amended Guidelines range would be "inappropriate" because Severino's offense conduct "involved the use of a weapon." (Id. at 3.) Severino appealed the Court's decision to the Second Circuit, which denied the appeal.

On August 24, 2016, Severino filed a second "Motion for Sentencing Reduction" pursuant to 18 U.S.C. § 3582. (ECF No. 182.) In the motion, Severino argued, inter alia, that his sentence had to be reduced because the two-level sentencing enhancement of § 2D1.1(b)(1) was unconstitutional following the Supreme Court's decisions in Johnson v. United States, 576 U.S. 591 (2015), which held that the so-called "residual clause" in the Armed Career Criminal Act's definition of "violent felony" was unconstitutionally vague in violation of due process. By Opinion and Order dated October 12, 2018, the Court denied the motion. In rejecting Severino's claim, the Court noted that because the motion challenged the validity of his underlying sentence, it constituted a "second or successive" motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255(a). Severino, 2018 WL 4941780, at *3. The Court further noted that under §§ 2255(h) and 2244(b)(3), the Court lacked jurisdiction to consider the second § 2255 motion absent prior certification from the Second Circuit. Id. (citing 28 U.S.C. §§ 2255(h) and 2244(b)(3)). The Court declined, however, to transfer the motion to the Second Circuit for certification because Severino's claim based on Johnson was "wholly without merit." Id. at *1. Specifically, the Court concluded that Severino's claim was foreclosed by the Supreme Court's decision in Beckles v. United States, --- U.S. ---, 137 S. Ct. 886, 894-

4

95 (2017), which held "that the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause." Severino, 2018 WL 4941780, at *3 (internal quotation marks omitted).

Severino filed the instant motion for reconsideration of the Court's October 12 Opinion on September 23, 2019. In his Motion, Severino argues that the Court's reliance on Beckles was misplaced because he was sentenced before the Supreme Court's decision in United States v. Booker, 543 U.S. 220, (2005), which held that the Sentencing Guidelines are advisory, not mandatory. Severino contends that because the application of § 2D1.1(b)(1) was mandatory at the time of his sentencing, the holding of Johnson applies and his sentence must be reduced. In support of this claim, Severino also relies on the Supreme Court's decision in Sessions v. Dimaya, --- U.S. ---, 138 S. Ct. 1204, 1214-15 (2018), which invalidated the residual clause in the Immigration and Nationality Act's definition of "crime of violence." For the reasons explained below, Severino's claim is meritless.

## II. Discussion

### A. Applicable Law

In this Circuit, "a motion to reconsider a [§] 2255 ruling is . . . treated as a [Federal Rule of Civil Procedure] 59(e) motion if filed within 10 days of entry of the challenged order and as a Rule 60(b) motion if filed thereafter." United States

5

v. Clark, 984 F.2d 31, 32 (2d Cir. 1993). Because Severino's Motion was filed nearly a year after the Court's October 12 Opinion, the Court construes the Motion as a motion for relief under Rule 60(b).

Although "Rule 60(b) applies to habeas proceedings, a [defendant] cannot use it to avoid the restriction on second or successive habeas corpus petitions." Gilliam v. United States, No. 08 Cr. 742 (AMD), 2019 WL 2301788, at *2 (E.D.N.Y. May 29, 2019) (internal quotation marks and citation omitted), appeal dismissed sub nom. United States v. Fletcher, No. 19-1718, 2019 WL 6711765 (2d Cir. Oct. 30, 2019). Accordingly, "[i]f a Rule 60(b) motion advances a substantive claim for relief that has been previously denied in a habeas petition, then the Rule 60(b) motion is more properly considered to be a second or successive habeas petition." United States v. Farmer, No. 12 Cr. 578 (AJN), 2020 WL 4748294, at *2 (S.D.N.Y. Aug. 16, 2020) (citing Gonzalez v. Crosby, 545 U.S. 524, 529 (2005)). As discussed previously, a district court lacks jurisdiction to hear a successive § 2255 motion "without authorization from the Second Circuit and is required to transfer such a motion to the Second Circuit if doing so is in the interest of justice." Acosta v. United States, 197 F. Supp. 3d 553, 556 (S.D.N.Y. 2016).

A district court may, however, decline to transfer the second or successive motion if it is "wholly without merit,"

6

meaning "it is clear that the narrow set of factual predicates for relief on a second or successive [§] 2255 petition have not been made out." Avendano v. United States, No. 02 Civ. 1059 (LTS), 2014 WL 7236036, at *2 (S.D.N.Y. Dec. 19, 2014)); see also Santiago v. United States, 222 F. Supp. 3d 353, 357 (S.D.N.Y. 2016) (declining to transfer meritless successive habeas petition to Second Circuit); Rosario v. United States, 625 F. Supp. 2d 123, 127 (S.D.N.Y. 2008) (same). To meet the "narrow set of factual predicates for relief," Avendano, 2014 WL 7236036, at *2, a successive § 2255 motion must either (1) contain "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;" or (2) rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); see also Acosta, 197 F. Supp. 3d at 557.

### B. Analysis

Severino's "Motion for Reconsideration" challenges the validity of his underlying sentence and is, therefore, a successive § 2255 motion that requires certification from the Second Circuit. The Court declines to transfer the Motion, however, because it is entirely meritless.

7

Severino's claim based on Johnson appears to be the product of a misunderstanding of "Application Note 3" of the Commentary to § 2D1.1. In his Motion, Severino argues that Johnson and Dimaya "should be extended to [§] 2D1.1(b)(1)" because Application Note 3 states "[a]n enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) reflects the increased possibility of [a] crime of violence when drug traffickers possess weapons." (ECF No. 192 (emphasis in original).) The phrase "crime of violence," however, does not appear in Application Note 3, which reads, in relevant part, as follows:

> The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet. The enhancement also applies to offenses that are referenced to § 2D1.1.

U.S. Sent'g Guidelines Manual §2D1.1 cmt. n.3 (U.S. Sent'g Comm'n 2003) (emphasis added). Because the phrase "crime of violence" does not appear in Application Note 3 or in any other Application Note to § 2D1.1, Johnson and Dimaya have no bearing on the validity of the two-level firearm enhancement of § 2D1.1(b)(1). See United States v. Nwankwo, No. 12 Cr. 31 (VM), 2019 WL 4743823, at *1 (S.D.N.Y. Sept. 17, 2019) (noting that Supreme Court's holding in Dimaya "does not affect [the

8

defendant's] sentence[] because [§] 2D1.1(b)(1) does not use or otherwise rely upon the term 'crime of violence'"); see also Pierson v. United States, No. 15 Cr. 102 (GEC), 2019 WL 6354341, at *3 (W.D. Va. Nov. 27, 2019) (same). Accordingly, Severino's claim is entirely meritless.

Additionally, Severino has failed to demonstrate that his Motion is based on either newly discovered evidence or a new rule of constitutional law made retroactive by the Supreme Court. Severino's failure to satisfy either standard renders his motion ineligible for certification under 28 U.S.C. §§ 2255(h) and 2244(b)(3). Thus, the Court declines to transfer the Motion to the Second Circuit for certification in accordance with 28 U.S.C. § 1631. See Castellano v. United States, 967 F. Supp. 2d 768, 771 (S.D.N.Y. 2013) ("Since [the defendant's] second or subsequent habeas petition does not survive dismissal under § 2244, the Court declines to transfer it to the Second Circuit and instead dismisses it in the interest of judicial economy."). Severino's third motion to vacate, set aside, or correct his sentence pursuant to § 2255 is, therefore, dismissed.

### III. Conclusion

For the reasons set forth above, Severino's "Motion for Reconsideration" of this Court's October 12, 2018, Opinion and Order is DENIED. The Court declines to issue a certificate of

9

appealability, as Severino has not made a substantial showing of a denial of a constitutional right. See Matthews v. United States, 682 F.3d 180, 185 (2d Cir. 2012). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and permission to proceed in forma pauperis is DENIED. The Clerk of Court is respectfully directed to terminate the motion docketed at No. 01 Cr. 302, ECF No. 192, and to close the case at No. 10 Civ. 5131.

**SO ORDERED.**

Dated: New York, New York
September 2, 2022

*John F. Keenan*
John F. Keenan
United States District Judge